USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/7/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
M.L. and B.L., individually and on behalf of K.L.,  :

               Plaintiffs,  :

          - against -  :

NEW YORK CITY DEPARTMENT
OF EDUCATION,  :

               Defendant.  :
-----------------------------------------------------------------X

MEMORANDUM ORDER

13 Civ. 0574 (ALC) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

     In this case brought under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, Plaintiffs M.L. and B.L., individually and on behalf of K.L. ("Plaintiffs"), seek permission to conduct two brief "additional evidence" depositions of Defendant's teacher and paraprofessional for the September-June portion of the 2011-12 school year in order to fill what they claim to be "an important and sizeable 'gap' in the existing record." Plaintiffs' Letter to the Court dated April 19, 2013, at 1 ("Plaintiffs' Letter"). Defendant New York City Department of Education ("Defendant") opposes Plaintiffs' application, contending that the Court should take a "restrictive approach" regarding the admission of additional evidence, especially because in this case the discovery sought is speculative and will be inadmissible, and because Plaintiffs had "numerous opportunities" to develop the record during the administrative hearing from which this appeal arises. Defendant's Letter to the Court dated May 3, 2013 ("Defendant's Letter"), at 2.[1]

---

[1] The Court will docket and make part of the record in this case both Plaintiffs' Letter and Defendant's letter.

1

USDC SDNY
DATE SCANNED 5/7/13

Section 1415(i)(2)(C) of the IDEA provides that "the [district] court (i) shall receive the records of the administrative proceedings; (ii) shall hear *additional evidence* at the request of a party; and, (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C) (emphasis added). Thus, unlike in the typical administrative appeal, which is based solely on the administrative record and discovery is generally not permitted, "the IDEA . . . is different." *Rodriguez v. Ind. Sch. Dist. of Boise City, No. 1*, No. 1:12-cv-0390 (CWD), 2013 WL 943838, at *3 (D. Idaho Mar. 11, 2013). While a number of district courts in this Circuit have considered the issue of when the discovery of "additional evidence" in an IDEA proceeding may be appropriate, the Second Circuit has not specifically addressed the standard for admitting such evidence. *See Eschenasy v. N.Y.C. Dep't of Educ.*, 604 F. Supp. 2d 639, 649 (S.D.N.Y. 2009). Under the "additional evidence" provision of the IDEA, "[t]he taking of additional evidence is a matter . . . left to the discretion of the trial court." *G.B. ex rel. N.B. v. Tuxedo Union Free School District*, 751 F. Supp. 2d 552, 555 n.1 (S.D.N.Y. 2010) (*quoting Lillbask ex rel. Mauclaire v. Sergi*, 193 F. Supp. 2d 503, 506 (D. Conn. 2002)). As the court in *G.B.* observed, "courts generally accept evidence that was not withheld in bad faith, is relevant, and does not change the administrative review into a trial de novo." *Id.* (*citing Grim v. Rhinebeck Cent. Sch. Dist.*, 346 F.3d 377, 380 (2d Cir. 2003) ("Federal courts reviewing administrative determinations under IDEA must tak[e] into account not only the record from the administrative proceedings, but also any further evidence presented before the District Court by the parties."); *Town of Burlington v. Dep't of Educ. of Mass.*, 736 F.2d 773, 790-91 (1st Cir. 1984) (declining to require that courts "disallow testimony from all who did, or could have, testified before the administrative hearing," because "a rigid rule to this

effect would unduly limit a court's discretion," and instead leaving "[t]he determination of what is 'additional' evidence . . . to the discretion of the trial court"), *aff'd*, 471 U.S. 359 (1985).

The question before the Court is thus whether it is appropriate to grant leave to take the proposed additional evidence in this case. Plaintiffs contend that during the ten days of trial before the Impartial Hearing Officer ("IHO"), Defendant called only the proposed summer (*i.e.*, July and August, 2011) classroom teacher for K.L., and the assistant principal at the proposed placement, each of whom testified that K.L. would have had a different teacher, paraprofessional, and related service providers beginning in September 2011. Plaintiffs' Letter at 1-2. According to Plaintiffs, Defendant did not call any of the "September-June individuals" to testify before the IHO, when it had the burden to do so in establishing that it offered a "free appropriate public education" ("FAPE") to K.L. *Id.* at 2. Defendant responds that under the Second Circuit's recent decision in *R.E. v. New York City Dep't of Educ*, 694 F.3d 167, 185 (2d Cir. 2012), the parties are "limited to discussing the placement and services specified in the written plan and therefore reasonably known to the parties at the time of the placement decision." Defendant's Letter at 2. Thus, it contends the testimony of the "September-June individuals" is "neither relevant nor admissible in determining whether [K.L.] was offered a FAPE." *Id.*

It is plain that IDEA "does not permit a party . . . to duplicate testimony already provided at the administrative hearing." *Jordan S. v. Hewlett Woodmere Union Free Sch. Dist.*, No. 08 Civ. 1446 (LDW)(AKT), 2009 WL 910804, at *2 (E.D.N.Y. Mar. 31, 2009) (citation omitted). Moreover, "[a] lenient standard for additional evidence would have the consequence of making the whole IDEA process more time consuming, as parties scrambled to use the federal court proceeding to patch up holes in their administrative case." *Id.* (*quoting Springer v. Fairfax*

3

*County Sch. Bd.*, 134 F.3d 659, 667 (4th Cir. 1998)). Nonetheless, the Court believes under the circumstances of this case that the proposed discovery should be permitted. The Court, in its review of the decision of the State Review Officer ("SRO"), will have to determine whether K.L. was provided with a FAPE, and whether the individualized education program ("IEP") created for K.L. was "reasonably calculated to enable [K.L.] to receive educational benefits." *R.E. v. New York City Dept. of Educ.*, 694 F.3d 167, 175 (2d Cir. 2012) (*quoting Bd. of Educ. v. Rowley*, 458 U.S. 176, 207 (1982)). Defendant does not contest that the testimony before the IHO did not include evidence specifically establishing that the September-June portion of K.L.'s 2011-12 school year was appropriate. Moreover, it is hard to understand how Plaintiffs would have known that they needed to present such evidence (and specifically the testimony of these two witnesses) at the hearing before the IHO when "the local school board bears the initial burden of establishing the validity of its plan" at the hearing. *Id.* at 184.[2]

In addition, Defendant has not identified what prejudice there would be if the depositions that Plaintiffs request take place on the limited terms that have been proposed, to wit, a one-and-a-half hour deposition of each witness, to take place before or after school, at a mutually agreeable location. Plaintiffs' Letter at 1, n.1. The Court thus directs that the depositions of the

---

[2] The Court is mindful that the evaluation of the adequacy of an IEP must be prospective, not retrospective, consistent with the dictates of the Second Circuit in *R.E.*, 694 F.3d at 186-87 (measure and adequacy of IEP can only be determined at time offered to student, not at some later date). While the Second Circuit in *R.E.* "curtail[ed] the ability of courts to consider the testimony from after the creation of the IEP," *J.F. v. New York City Dept. of Educ.*, No. 12 Civ. 2184 (KBF), 2013 WL 1803983, at *1 (S.D.N.Y. Apr. 24, 2013), it explicitly rejected a rule prohibiting testimony that goes beyond the face of the IEP. 694 F.3d at 186. Moreover, it also permitted testimony that "explains or justifies the services listed in the IEP." *Id.* In this case, despite the fact that Plaintiffs rejected the placement offered to implement K.L.'s IEP before the school year began in July, Defendant proffered the testimony of K.L.'s proposed summer classroom teacher at the hearing before the IHO as well as that of the assistant principal at the proposed placement, who, Plaintiffs allege, testified that K.L. would have had a different teacher and related service providers as of September 2011 (and who also would have had to change school buildings entirely in September). Plaintiffs' Letter at 2. With an evidentiary record that includes this testimony, the Court believes it is appropriate to complete the record by giving Plaintiffs the opportunity to take the two proposed depositions. While on some level the testimony Plaintiffs seek may be "speculative," as Defendant suggests, it is no more so than the testimony already in the record. That will be for the district judge ultimately to determine in reviewing the SRO's decision.

4

teacher and the paraprofessional for the September-June portion of the 2011-12 school year proceed under the proposed terms because they are neither cumulative nor duplicative of evidence in the record, and completed by May 31, 2013. The Court notes, however, that in granting Plaintiffs' request to conduct this limited discovery, it is not precluding Defendant from making any arguments with respect to the admissibility of this evidence should Plaintiffs choose to use it in support of their summary judgment motion.

Finally, the Court renews its offer to conduct a settlement conference with the parties before they go to the time and expense of motion practice. If the parties wish to schedule a settlement conference in June before the motion is due, they should contact my chambers within ten days of the date of this Memorandum Order.

**SO ORDERED.**

Dated: May 7, 2013
New York, New York

JAMES L. COTT
United States Magistrate Judge